Vreeland v. Bramhall.

---

GARRET VREELAND

*v.*

EDMUND C. BRAMHALL and wife.

The burden of proof is on the person who, on the ground of alleged mistake or imposition, seeks to rectify a written contract signed by him.

Bill for relief.    On final hearing on pleadings and proofs.

*Mr. W. B. Williams*, for complainant.

*Mr. G. Collins*, for defendants.

THE CHANCELLOR.

The bill is filed for relief against a contract under seal made between the complainant and the defendants, for the conveyance by the latter to the former of land in Jersey City, and the payment by the complainant to the defendants of the purchase money therefor, in instalments, with interest and the taxes and assessments, which were or might be imposed upon the property, up to the time of the payment of the purchase money, in full.    The contract is dated on the 14th of June, 1870, but was not executed until the 17th of August following.    The property was, and is, the separate estate of Mrs. Bramhall, and was purchased by the complainant from her, at auction, on the 14th of June, 1870.    The bill was not filed until the 13th of May, 1875, nearly five years after the sale, and part of the relief which it seeks is an injunction restraining the defendants from prosecuting a suit at law, which, at the time of the filing of the bill, was in progress against him, and which had been brought by them for the recovery of unpaid instalments of the purchase money, with interest due under the contract. The bill alleges that the complainant, when he executed the contract, was ignorant of its provisions as to the payment of the purchase money, and remained so until after the 18th of November, 1874, when, in consequence of a letter received by him from the defendants' attorney, demanding payment of the instalments, which, by the terms of the contract, were in arrear, he was induced to look at that instrument, and then ascertained, for the first time, that by it he had bound himself to pay for the property in a manner not contemplated by him, nor in accordance with the terms and conditions of the sale.    He insists that these

Vreeland v. Bramhall.

terms and conditions were the payment of ten per centum of the purchase money in cash on the day of sale, and twenty per centum at the time of the delivery of the deed, the balance to be secured by a mortgage on the property, payable in five years. The bill alleges that at the sale the defendants proclaimed and agreed that they would pay all the excess of a certain sewer assessment on the property over a specified amount per foot, and it prays that if the complainant be held not to be entitled to a rescission of the agreement of sale, the written contract may be reformed in accordance with what he insists were the terms and conditions of sale. The bill prays answer without oath. The defendants have answered. The proof shows so clearly that the claim as to the sewer assessment is unfounded, that it was not insisted upon on the hearing. The complainant's recollection on this point was entirely at fault. The remaining question is as to the terms of sale; whether they were according to the provisions of the written contract or not. On the 17th of August, 1870, about two months after the sale took place, the complainant, who is a man of business, and then was engaged in the business of dealing in real estate, signed the contract in question. He took no steps to relieve himself of it until about five years had elapsed, and then only after suit had been commenced against him upon it. It is noteworthy also, that though he was notified in November, 1874, of the intention of the defendants to compel payment of instalments under and according to the contract, he took no steps in the premises until about six months afterwards. That contract must be held to be binding on him, unless he can establish a good and sufficient reason in equity to the contrary. The burden is on him. The ground on which he relies is, in fact, carelessness in not acquainting himself with the terms of the instrument when he signed it, and in not doing so afterwards. He says that Edmund J. Bramhall, the son of the defendants, importuned him to sign the contract, and that he, while under the pressure of his business engagements,

went into Edmund J. Bramhall's office, at the request of the
latter, and there signed the instrument without acquainting
himself with, or being informed of, its contents, and
presuming that it provided for the payment of the purchase
money according to his understanding of the terms and
conditions of sale.   The evidence is, that he is mistaken as
to those terms and conditions.   The maps distributed and
used at the sale contained the following statement, con-
spicuously placed below its title on its .face :   " Terms of
sale—ten per cent. on the day of sale, ten per cent. semi-
annually thereafter."    Edmund C. Bramhall, one of the
defendants, was present at and conducted the sale.    He
testifies that the terms were announced publicly by the
auctioneer at the beginning of the sale, and that they were
ten per cent. and auctioneer's fee (the complainant says
that the auctioneer's fee was to be paid by the purchaser),
in cash, to be paid on the day of sale, and ten per cent.
semi-annually thereafter, with interest at seven per cent.
per annum, the deed to be delivered when the last instal-
ment should be paid.    He adds that there was an option
given to purchasers to pay ten per cent. and auctioneer's
fee on the day of the sale, and twenty per cent. in thirty
days, the balance to remain on mortgage for three years.
He says there was a further announcement then made by
the auctioneer, that the purchaser was to take immediate
possession, and to pay the taxes and assessments that should
accrue thereafter.    He testifies that the terms, ten per cent.
semi-annually, were frequently repeated, and he thinks that
the whole terms were repeated two or three times during
the sale ;   that the complainant was there at the beginning
of the sale, before and at the time of the announcement of
the terms, and remained there until he made his purchase ;
that the auctioneer, when the sale commenced, called atten-
tion to the maps, and they were distributed to those of the
buyers who had not previously received them ;   that the
words, " Terms of sale—ten per cent. on the day of sale, ten

per cent. semi-annually thereafter," were on all of them, and they were all alike, and he swears that he saw the complainant have one of them in his hand, and saw him and Henry Taylor looking over it together.

Mr. Taylor corroborates Mr. Bramhall on this point, for he says that the maps were distributed freely at the sale; that he had one in his hands and read it, and he thinks he saw one in the complainant's hands. Mr. Wood, the auctioneer, testifies that the terms of sale, to the best of his recollection, were ten per cent. on the day of sale, twenty per cent. in thirty days, making thirty per cent. in cash, and the balance, seventy per cent., on mortgage, or by a semi-annual payment of ten per cent. in instalments, and he recognizes the terms of sale on the map. He says, "the terms were printed on the map, and the maps were distributed around, ten per cent. on the day of sale, and ten per cent. semi-annually thereafter." The contract itself is evidence as to the terms. But it is said that the complainant was ignorant of the contents of that instrument.

Edmund J. Bramhall testifies that he explained the contract to the complainant before the latter signed it; that it was in duplicate; that the complainant signed both papers, and took one and the witness kept the other; that at the complainant's request the witness compared them, to see that they were alike, the latter reading one aloud, while the complainant examined the other, and he swears expressly and explicitly that the part which stated the terms was so read aloud by him. The circumstances of the case, and the evidence, forbid the conclusion that the complainant was defrauded, or in any way imposed upon when he signed the contract, or that he, through carelessness, signed it without knowledge of its terms or purport. That his memory is not to be depended upon is evidenced by the fact that he was wholly in error in regard to the announcement in reference to the sewer assessment, and also by the fact, admitted by his bill, that he does not remember the

length of the credit to be given on mortgage. I deem it wholly unnecessary to discuss the facts of the case further. The complainant is not entitled to the relief he seeks.

The bill will be dismissed, with costs.